```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Alice Theresa Mosley,            :

       Plaintiff,        :    Case No. 2:15-cv-2692

  v.                             :    JUDGE MICHAEL H. WATSON

Division of Police,              :    Magistrate Judge Kemp

       Defendants.       :

## REPORT AND RECOMMENDATION

Plaintiff, Alice Theresa Mosley, filed this action against three defendants, identified in the complaint as "Division of Police," Sergeant King, and Officer West.  Ms. Mosley has moved for leave to proceed *in forma pauperis* (Doc. 1), and the Court grants that request.  The case is now before the Court to conduct an initial screening under 28 U.S.C. §1915(e)(2).  For the following reasons, it will be recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted, but with leave to amend to provide enough details so the Court can determine if she might have a valid legal claim against one or more of the defendants.

### I.  Legal Standard

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in

law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). The complaint will be evaluated under these standards.

## II. Discussion

Ms. Mosley's statement of her claim reads in full as follows:

> Police moved my son body befor[e] the squad got there. Causing Helpin[g] cause my son death. And it was not to secur[e] the scene. They litter dragged his body. From where he got shot and did not go in the home to look for guns.

In her request for relief, she asks for compensation for her son's death and wants to be heard on the issue of how this affected her mentally and physically.

The Federal Rules of Civil Procedure apply to cases filed in a federal court, and they must be followed by all litigants whether or not they are represented by an attorney. The content of complaints is governed by Rule 8. Here is what it says about that:

> **(a) Claim for Relief**. A pleading that states a claim for relief must contain:

>    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The United States Supreme Court has recently said that in order for a complaint to satisfy this standard, it must have enough facts in it so that the court in which it has been filed can determine if, assuming the facts are true, the defendants might be liable to the plaintiff.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

    Ms. Mosley's complaint does not do that.  Here are some of the things missing.  What did each of the two officers actually do?  Where did all this happen?  What, exactly, was the situation they were confronted with (that is, what had happened before they arrived on the scene)?  Why does Ms. Mosley think they knew, or should have known, that by moving her son, they made his injuries worse or even contributed to his death?  In order for the Court to evaluate her claim, she will need to (if she wants this case to proceed) file an amended complaint which has more facts in it.  As it stands, the complaint is simply too vague to permit the Court to conclude that either of the two officers she names might be liable to her for any injury caused to her son.

    The Court does note that the Columbus Division of Police, one of the defendants which Ms. Mosley has named, is not an actual entity.  It is simply a division of the City of Columbus.  If Ms. Mosley believes that the entire police department might be liable for the acts of its officers, she would have to name the City in any amended complaint.  Cf. Johari v. City of Columbus

Police Dept., 186 F.Supp.2d 821 (S.D. Ohio 2002).

Finally, the Court notes that the exhibits which Ms. Mosley attached to her complaint include a letter to her from the Columbus Division of Police dated September 16, 2006.  It appears to show that the incident in question happened on August 6, 2006.  Although a complaint does not necessarily have to say when the events in question occurred, when it does, and when those events happened more that two years (in the case of a constitutional violation) before the complaint has been filed, the case may have been filed too late - that is, after the statute of limitations has run.  See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989)("the appropriate statute of limitations for 42 U.S.C. §1983 civil rights actions arising in Ohio is contained in Ohio Rev.Code Ann. §2305.10, which requires that actions for bodily injury be filed within two years after their accrual").  The Court is allowed to take that into consideration when reviewing a complaint like Ms. Mosley's as long as it gives her a chance to argue why her case, even though it might have been filed late, should still go forward.  See Pino v. Ryan, 49 F.3d 51 (2d Cir. 1995), cited with approval in Castillo v. Grogan, 52 Fed.Appx. 750, 751 (6th Cir. Dec. 11, 2002).

## III.   Recommendation

For all of the reasons stated above, it is recommended that this case be dismissed under 28 U.S.C. §1915(e)(2) with leave to amend.  Any amended complaint should be filed within 30 days of the Court's order on this matter.  Ms. Mosley should be aware that if she does not file an amended complaint, should the Court order her to do so, or if her amended complaint does not satisfactorily address the issues raised above, including the question of whether the case was filed too late, this case will not proceed.

## IV.   Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. _See Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp  
United States Magistrate Judge