```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Alice Theresa Mosley,            :

        Plaintiff,       :   Case No. 2:15-cv-2692

   v.                            :   JUDGE MICHAEL H. WATSON

Division of Police,              :   Magistrate Judge Kemp

        Defendants.      :


### REPORT AND RECOMMENDATION

Plaintiff, Alice Theresa Mosley, filed this action against three defendants, identified in the complaint as "Division of Police," Sergeant King, and Officer West.  Ms. Mosley has been granted leave to proceed *in forma pauperis*.  Doc. 3.

As part of the order granting *in forma pauperis* status, the Court noted that the complaint was very vague as to exactly what happened, and when.  That order noted the possibility that the events described in the complaint happened more than two years before Ms. Mosley submitted her pleading to this Court, and that the statute of limitations might bar her claims.  As a result, in an order adopting the Magistrate Judge's Report and Recommendation, Judge Watson gave Ms. Mosley thirty days in which to file an amended complaint. Doc. 4.  She responded to that order on January 7, 2016.  Doc. 5.  The matter is now back before the Magistrate Judge to continue the screening process required by 28 U.S.C. §1915(e) - that is, to determine if the complaint, as amended by Ms. Mosley's January 7, 2016 filing, is frivolous, malicious, or fails to state a claim upon which relief can be granted.

#### I. The Amended Complaint

Ms. Mosley's recent filing does clear up some of the

confusion about her claim. She says that her son, Eugene LaMont Mosley, was shot on August 6, 2005. Once police officers arrived on the scene, Ms. Mosley claims that they announced that her son might be dangerous because he was known to carry a gun, and they dragged him to the curb. At that time, he was still alive. Because she has named two individual police officers in her original complaint, the Court infers that they are the officers in question. That document also alleges that the officers, by moving her son's body before the squad arrived, contributed to his death. Ms. Mosley has asked this Court to investigate the circumstances surrounding her son's death (which, of course, would not happen even if the case were permitted to go forward; the federal courts, like other American courts, do not investigate matters - the parties, either representing themselves or through their attorneys, must conduct any investigation through the discovery process).

It is very questionable whether Ms. Mosley has alleged enough facts to state a constitutional claim. She states, in her amendment, that the shooter emptied an entire handgun into her son's chest. There are no facts in either of her filings which plausibly suggest that the police officers' actions were a contributing cause of his death; she simply states that conclusion without explaining why she believes it to be true, or giving the Court any reasons for reaching that conclusion. But that is mostly beside the point, because the complaint was filed more than eight years too late.

As the Court noted in the earlier Report and Recommendation, although a Plaintiff does not have to say, in the complaint, when the events in question occurred, when it does, the Court is allowed to determine if the case may have been filed too late - that is, after the statute of limitations has run. See Pino v. Ryan, 49 F.3d 51 (2d Cir. 1995), cited with approval in Castillo

v. Grogan, 52 Fed.Appx. 750, 751 (6th Cir. Dec. 11, 2002)("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate").

Ms. Mosley's claim, although she does not say so directly, is based on 42 U.S.C. §1983, which allows citizens to sue in a federal court if they believe that state officials, like police officers, have violated the United States Constitution. In Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989), the Court of Appeals held that "the appropriate statute of limitations for 42 U.S.C. §1983 civil rights actions arising in Ohio is contained in Ohio Rev.Code Ann. §2305.10, which requires that actions for bodily injury be filed within two years after their accrual." The complaint indicates that Ms. Mosley was aware of the actions of the defendant officers on the day that they occurred. She had two years after that date to file a suit in federal court. Because she did not, the statute of limitations bars her claim, and the case should be dismissed for that reason. Such a dismissal would not, of course, be a decision about whether the police officers acted correctly or not; it is just a decision that Ms. Mosley had two years after the date of the shooting to challenge their actions in federal court, and she simply waited too long to bring that challenge.

## II. Recommendation

For all of the reasons stated above, it is recommended that this case be dismissed under 28 U.S.C. §1915(e)(2) as barred by the applicable statute of limitations.

## III. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).

A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

     The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir. 1981).


                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge